**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**DANIEL VAZQUEZ,**

                    Plaintiff,

     -against-

**THE CITY OF NEW YORK, POLICE OFFICER**
**DAVID GREEN (Shield 21243, 75th Precinct),**
**and NYC POLICE OFFICERS, DETECTIVES and**
**SUPERVISORS JOHN and JANE DOES 1-10,**

                    Defendants.
-------------------------------------------------------------------------X

**17 CV 2187**

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff **DANIEL VAZQUEZ**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

       1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution, by employees of the New York City Police Department (NYPD). Plaintiff was arrested and accused of a serious violent felony, yet after more than 30 hours of imprisonment he was released from Brooklyn Central Booking, on January 16, 2016, because the Kings County District Attorney's Office declined to prosecute.

### *JURISDICTION AND VENUE*

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

       3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

       4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On March 30, 2016, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. Claim No. 2016 PI 012064.

7. A hearing pursuant to GML § 50-H was conducted on March 24, 2017.

8. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

9. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

10. Plaintiff demands trial by jury in this action.

## *PARTIES*

11. Plaintiff **DANIEL VAZQUEZ,** age 29, is a Hispanic male, a citizen of the United States and a resident of the State of New York and Kings County. He has never been convicted of any criminal offense. He is employed as a maintenance porter in a Manhattan building.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

13. Defendant City of New York operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, supervisory police officers and other NYPD employees, including the

individually named defendant herein.

14. At all times relevant herein, defendant David Green was a police officer, Shield 21243, employed by the NYPD, assigned to the detective squad of the 75th Precinct in Brooklyn, NY.

15. At all times relevant herein, defendants John and Jane Does 1-10 were NYC police officers, detectives, and/or supervisory police officers. Plaintiff does not at this time know the real names and shield numbers of John and Jane Does 1-10.

16. At all times relevant herein, defendants Green and John and Jane Does 1-10 were acting as agents, servants and employees of defendant City of New York.

17. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

18. On January 15, 2016, at approximately 10:00 A.M., Daniel Vazquez was arrested in downtown Brooklyn by four NYPD police officers or detectives.

19. The officers handcuffed plaintiff and explicitly told him that he was under arrest.

20. The officers also told plaintiff that an officer named Green wanted to ask him some questions.

21. The officers transported plaintiff to the parking lot of an Auto Zone near the Barclay's Center, where he was transferred to another vehicle.

22. Plaintiff was then transported by two other officers, in the vehicle to which he had been transferred, to the 75th Precinct, 1000 Sutter Avenue, in the East New York section of Brooklyn.

23. At the 75th Precinct plaintiff was placed in a cell on the second floor.

24. At approximately 1:00 P.M. on January 15, 2016, plaintiff was approached in the cell by defendant Green.

25. Green stated that he was going to make plaintiff stand in two lineups.

26. Plaintiff objected to being placed in any lineups

27. Green told plaintiff that he had no choice and that he must appear in the lineups.

28. Plaintiff requested that he be allowed to call a lawyer and to have a lawyer present at the lineups.

29. Green refused the request and told plaintiff that he did not need a lawyer.

30. Plaintiff was required against his will to remove his prescription glasses and put on a doo-rag and a royal blue T-shirt.

31. The purpose of forcing plaintiff to remove his glasses and to wear certain items of clothing was to make him appear more like the suspect in the crime under investigation.

32. Plaintiff was placed in two lineups, each lasting approximately 5 minutes.

33. Only approximately 3 minutes elapsed between the two lineups.

34, After the lineups plaintiff was returned to the cell.

35. Green then approached plaintiff and alleged to him that he had been positively identified as the perpetrator of a gunpoint robbery that had occurred on December 12, 2015.

36. Green told plaintiff that he was being charged with that offense.

37. Green began interrogating plaintiff as to his whereabouts on December 12, 2015, whether he had been on Eldert Lane in the East New York section of Brooklyn, whether he always wore prescription glasses, and other questions related to the armed robbery being investigated.

38. Plaintiff denied any involvement in the crime being investigated.

39. Green replied that plaintiff was being charged with the armed robbery and would be brought before a judge.

40. Plaintiff was then transferred to another cell within the 75th Precinct.

41. Plaintiff was placed under arrest, Arrest Number K16603890.

42. Green's arrest paperwork misspelled plaintiff's last name as Vaquez.

43. Plaintiff was photographed and fingerprinted at the 75th Precinct.

44. Plaintiff was transported to Brooklyn Central Booking in the early morning hours of January 16, 2016.

45. At Brooklyn Central Booking plaintiff was again photographed and fingerprinted.

46. At approximately 5:00 P.M on January 16, 2016, plaintiff was released from Brooklyn Central Booking without having to appear before a judge.

47. The Kings County District Attorney's Office has confirmed that Plaintiff was released from Brooklyn Central Booking because that Office declined prosecution.

48. Green's statement to plaintiff that he had been positively identified in the lineups was untrue.

49. Had plaintiff been positively identified in lineups as the perpetrator of a serious violent felony, an armed robbery, the Kings County District Attorney's Office would not have declined prosecution.

50. One or more NYPD supervisors had to approve the determination to arrest and imprison plaintiff, place him in the lineups described above, charge plaintiff with armed robbery and have him taken to Brooklyn Central Booking.

51. Defendant Green necessarily obtained the approval(s) from his supervisor(s) and/or detectives, including one or more of the defendants John and Jane Does.

52. Defendants did not have probable cause to arrest plaintiff.

53. Defendants did not have probable cause to place plaintiff in a lineup.

54. Defendants did not have probable cause to charge plaintiff with armed robbery and have him transported to Brooklyn Central Booking.

55. Plaintiff was never given any reason why he had been arrested, placed in two lineups, charged, and taken to Brooklyn Central Booking -- yet then released.

56. Since January 16, 2016, plaintiff has not been approached by any law enforcement officials concerning the armed robbery referenced by defendant Green on that date.

57. Plaintiff was severely traumatized by the incident, and has suffered substantial harm for which he is entitled to monetary damages.

## *FIRST CLAIM FOR RELIEF*

58. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-57.

59. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *SECOND CLAIM FOR RELIEF*

60. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-57 and 59.

61. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

62. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

63. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-55, 57 and 59-60 violated plaintiff's rights guaranteed by 42 USC § 1983,

1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

64. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-57, 59, and 61-63.

65. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, and employee negligence.

66. The conduct toward plaintiff alleged herein subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of income.

### FOURTH CLAIM FOR RELIEF

67. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-57, 59, 61-63, and 65-66.

68. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   New York, New York

April 11, 2017

<u>/s/ Joel Berger</u>
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**
